UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FERNANDO SANCHEZ,

      Petitioner,

v.                                            Civil Action No. 4:22-CV-1077-P

FREDDY GARRIDO, Warden
FMC-Fort Worth,

      Respondent.

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting brief filed by petitioner Fernando Sanchez ("Sanchez"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas. Pet. 1, 9, ECF No. 1; Brief 1-4, ECF No. 2. The Respondent filed a response with appendix, and Sanchez filed a reply. ECF Nos. 8, 9 and 10. After review of the § 2241 petition and brief, response with appendix, reply and applicable law, the Court concludes that the § 2241 petition must be **DENIED**.

## I. Background

On May 1, 2006, Sanchez received two concurrent sentences: (1) a 121-month term of imprisonment and 36-month term of Supervised Release for being a deported alien found in the United States, and; (2) a 121-month term of imprisonment and 60-month term of Supervised Release for possession of methamphetamine with the intent to distribute. App. 2, ¶ 5; App. 7-17.[1] Sanchez was released from BOP custody to Supervised Release on November 15, 2013. App. 2, ¶ 6; App. 18-21. While on Supervised Release, Petitioner was arrested in California on March 30, 2015, for conspiracy and possession of a controlled substance, and subsequently released to Immigration and Custom's Enforcement

---

[1]. The Appendix includes the January 25, 2023 Declaration of Burau of Prisons Management Analyst Veronica Hodge, and several records attached thereto. All citations

1

(ICE) on April 2, 2015. App. 2, ¶ 7; App. 22-29.  On April 8, 2015, Sanchez was released from ICE and arrested by the United States Marshals Service (USMS) for Violation of Supervised Release and then remained in the custody of the USMS. App. 2, ¶ 8; App. 30-35.

On December 7, 2015, Sanchez was sentenced in the United States District Court for the Eastern District of California, Case No. 2:15-CR-00075-001, to a 37-month term of imprisonment with no supervised release for being a departed alien in the United States. App. 3, ¶ 9; App. 37-38. Then, on February 16, 2016, the Eastern District of California revoked his previous terms of Supervised Release (entered on May 1, 2006) and sentenced him to two concurrent 12-month terms of imprisonment, and which were consecutive to the 39-month term of imprisonment in Case No. 2:15CR00075-001, for a total term in effect of 49-months. App. 3, ¶ 10; App. 41-50.

Sanchez was also sentenced on May 21, 2018, in the United States District Court for the Central District of California, Case No. 17-203 DSF, to a 120-month term of imprisonment and 5-year term of Supervised Release for conspiracy to distribute and possess with intent to distribute controlled substances. App. 3, ¶ 11; App. 54. That court ordered the 120-month term be served concurrently with the undischarged term of imprisonment imposed—the pre-existing aggregate 49-month term of imprisonment. *Id.*

The BOP prepared a sentence computation for Sanchez by aggregating (joining together) the preexisting 49-month term (relating to the revocations of Supervised Release) and the concurrent 120-month term of imprisonment in Case No. 17-203 DSF. App. 4, ¶ 14. Those calculations had the pre-existing 49-month term (First Sentence) commenced on the earliest date possible, i.e., December 7, 2015, resulting in a full-term release date of January 6, 2020. App. 5-6, ¶ 15. The 120-month concurrent term (Second Sentence) also commenced on the earliest date possible, i.e., May 21, 2018, resulting in a full-term release date of May 20, 2028. *Id.* Thus, the sentences concurrently overlap and the BOP calculated an overall aggregate term of imprisonment of 12-years, 5-months, and 14-days (or 149-months and 14-days). *Id*; App. 64-73.

Sanchez filed this habeas action on December 5, 2022, challenging the BOP's sentence computation, claiming the BOP improperly calculated a 120-

---

to the Appendix can be reviewed at ECF No. 9.

month sentence to run consecutively instead of concurrently. Pet., ECF No.1; Brief 1-4, ECF No. 2. He requests this Court find a 120-month sentence computation instead of the aggregate 149-month and 14-day (12 years, 5 months, and 14 days) computation. Pet. 7, ECF No. 1.

## II.   Analysis

Sanchez's sentence is properly calculated. The BOP properly calculated Sanchez's 12-year, 5-month, and 14-day sentence by aggregating Petitioner's pre-existing 49-month term of imprisonment with the later imposed concurrent 120-month term of imprisonment. This is so because under 18 U.S.C. § 3585(a), and BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984),* a sentence cannot begin to run prior to the date on which it is imposed. *See* App. 4, ¶ 12; App. 60-61. Section 3584(c) requires multiple terms of imprisonment to "be treated for administrative purposes as a single, aggregate term of imprisonment." *See* App. 4, ¶ 13; App. 63. As a result, the BOP aggregated the pre-existing 49-month term (First Sentence) with the later imposed concurrent 120-month term (Second Sentence) into a single sentence as required by § 3584(c). *See* App. 5, ¶ 16; App. 78. Although, both terms are running concurrently, each term has a different date of imposition. App. 5, ¶ 16. Because a sentence cannot commence earlier than it is imposed, the Second Sentence has an effective full-term date which is longer than the first, causing a "concurrent overlap." *Id.*

For these reasons, and for the additional reasons explained in the Respondent's response at pages 4-6, Sanchez's sentence is being properly calculated.[2]

## III.   Conclusion

In sum, as Sanchez's 120-month term concurrently overlaps the 49-month term, but cannot be calculated to begin on a date earlier than it was imposed, the BOP properly aggregated the two sentences, resulting in a total aggregate sentence term of 12-years, 5-months, and 14-days. Sanchez's habeas petition is

---

[2] The Respondent informs that with Sanchez's 252-days of Jail Credit, his Full-Term Expiration Date is September 11, 2027. App. 5-6, ¶ 15; App. 73. Also, Sanchez has a projected release date of November 8, 2025, via Good Conduct Time (GCT). App. 5-6, ¶ 15; App. 73; *see* www.bop.gov (Sanchez BOP # 58785-097) (last visited July 13, 2023).

without merit and must be denied.

## IV.   Order

It is therefore **ORDERED** that Fernando Sanchez's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

**SO ORDERED** on this **14th day** of **July, 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE